## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LYON GARTH STEPHENS,

     Plaintiff,                           CIVIL ACTION NO. 13-11439

     v.                         DISTRICT JUDGE STEPHEN MURPHY III
                                  MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant

**GRANTED**, as there was substantial  evidence on the record that claimant retained the

residual functional capacity for a full range of light work.

### II.   REPORT

#### A.   Introduction and Procedural History

Plaintiff filed applications for Social Security Disability Insurance Benefits and

Supplemental Security Income benefits on March 2, 2010, alleging that he had become

disabled and unable to work on December 23, 2008, at age 29, due to back pain and obesity.

Benefits were denied by the Social Security Administration. A requested <u>de novo</u> hearing

was held on August 18, 2011, before Administrative Law Judge (ALJ) Troy Patterson. The ALJ found that the claimant retained the residual functional capacity to perform a full range of light work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 31 years old at the time of the administrative hearing (TR 36). He been graduated from high school, and had been employed during the relevant past as a paramedic (TR 36-37).  Claimant injured his back in December 2008, while lifting a patient into an ambulance (TR 37, 213-214). Plaintiff testified that he remained disabled due to severe back pain (TR 37-38). Pain medications proved ineffective (TR 39).  Claimant estimated that he could stand for 20 minutes, sit for 30 minutes, walk only short distances, and lift possibly 10 pounds (TR 40). Plaintiff allegedly was unable to engage in any exertional activities for fear of aggravating his back pain (TR 38). Claimant explained that he was unable to perform household chores since he could not bend at the waist or do any heavy lifting (TR 38).  In order to get pain relief, the claimant said that he had to lie down for several hours every day (TR 39-40).

A Vocational Expert, Timothy Shaner, classified Plaintiff's past paramedic work as very heavy exertional activity (TR 41).  The Vocational Expert was not asked any hypothetical questions.

### B.      ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as result of a discogenic back disorder and obesity, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments (TR 21). The ALJ determined that the claimant retained the residual functional capacity for a full range of light work activity (TR 21). Given Plaintiff's young age, education, work experience and residual functional capacity for a full range of light work, the Law Judge applied the Medical-Vocational Guidelines (Rule 202.11) to justify a conclusion that there were substantial numbers of jobs available in the economy for claimant to perform (TR 24-25).

### C.      Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions.  Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards.  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).  This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility.  See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

2:13-cv-11439-SJM-CEB   Doc # 11   Filed 08/05/14   Pg 4 of 9   Pg ID 430

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  Kirk, 667 F.2d at 536.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

At the administrative hearing, Plaintiff maintained that he is disabled as a result of severe back pain.  The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2013).

### D.    Discussion and Analysis

A claimant's subjective allegations of disabling pain are insufficient, by themselves, to support a claim for benefits.  Sizemore v. Secretary, 865 F.2d 709, 713 (6th Cir. 1988).  Pain alone can be disabling if it is severe enough to preclude all substantial, gainful activity, but the symptoms must be substantiated by some objective, clinical or laboratory findings. Hurst v. Secretary, 753 F.2d 517, 519 (6th Cir. 1985).  Where, as here, the claimant alleges disability as a result of severe pain, the Sixth Circuit has established a standard to evaluate those complaints. Under that standard, a claimant has the burden of providing objective

4

evidence confirming the severity of the alleged pain, or establishing that the medical condition is of such a kind and severity that it could reasonably be expected to produce the allegedly disabling pain.   Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986), McCormick v. Secretary, 861 F.2d 998, 1002-1003  (6th Cir. 1988).

I suggest that substantial evidence exists on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a full range of light work. Contrary to Plaintiff's assertion before the SSA, the medical evidence does not support his allegations of disabling back pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

Following claimant's work-related back injury in December 2008 (TR 213-214), he experienced significant relief after treatment.  Plaintiff returned to work as a paramedic, but re-injured the back after lifting another patient (TR 218-220). Imaging studies showed a remote fracture and degenerative disc disease (TR 216, 222, 224-29, 233-34).   After the implantation of a spinal simulator in July 2010, the level of Plaintiff's back pain was greatly reduced[1].

While claimant still complained of some residual back pain following the surgical procedure, physical therapy proved beneficial in helping improve spinal range of motion, strength, swelling and overall functioning (TR 23, 349). Dr. Shah, a treating physician, recommended in January 2011, that Plaintiff not return to work as a paramedic for at least

---

[1]Plaintiff reported in August 2010 that the simulator was "working nicely" (TR 336).  Following a month of physical therapy, claimant stated in October 2010, that the leg and back pain were gone (TR 349).

another two months.  The doctor, however, suggested that claimant start looking for another job that was less physically demanding (TR 359).

Treatment notes submitted by Dr. Maria Goleba, another treating physician, indicated fairly normal follow-up examinations and conservative drug therapy for complaints of chronic back pain.  The doctor prescribed just 30 tablets of a strong narcotic (Vicodin), but expressly did not allow any refills (TR 237, 248).  By the time of the hearing, Plaintiff testified that he was able to manage his pain just with medications purchased over the counter (TR 39).

Plaintiff also testified that he was able to help his sister care for her children during the day, perform some duties for his mother, watch his three year old niece and perform yard work (TR 37-38).  Even though claimant's earnings after the alleged onset of date of disability did not meet the level needed to be considered substantial gainful activity, the ALJ reasonably concluded that Plaintiff's daily routine reflected an ability to perform a full range of light work activity.

When evaluating Plaintiff's residual physical functional capacity, the Law Judge also took into consideration the opinion of a state agency consultant[2], who concluded that the claimant could perform light work, despite his back pain (TR 342). Contrary to Plaintiff's assertion, there was no objective medical evidence suggesting that he needed to rest frequently throughout the day.  There was also no indication in the medical record

---

[2]Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2013).

6

corroborating claimant's assertion that he could not take narcotic pain medication due to severe side-effects (TR 38). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, and totally disabling symptoms stemming from his back pain were not fully credible.

Plaintiff relied heavily before the SSA upon the fact that Dr. Goleba described him as totally disabled on a form report (TR 358). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if her clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Dr. Goleba offered little objective evidence to support her disability opinion[3], it need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which,

---

[3]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so (TR 24). The ALJ expressed concern about the lack of medical documentation to support the opinion. As the Law Judge observed, Dr. Goleba tendered only conservative treatment, which is at odds with the doctor's overly restrictive assessment of her patient's functional abilities (TR 24). Indeed, it appears Dr. Goleba's residual functional capacity evaluation was based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his severe impairments.  Since Plaintiff could perform a full range of light work, the Commissioner could meet that burden through the Medical-Vocational guidelines[4]. Given claimant's age, educational level, and past work history, Rule 202.11 of the guidelines directed a finding of "not disabled".

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

---

[4]Claimants who can no longer perform past relevant work are assigned grid categories according to their residual functional capacity, age, education, and transferable skills, and the grid dictates a conclusion or rule of "disabled" or "not disabled". See 20 C.F.R. § 404, subpt. P, appendix 2 200.00(a) (2013).

8

III.    **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

  s/ Charles E Binder
CHARLES E. BINDER
Dated: August 5, 2014                United States Magistrate Judge

9